# Anna M. Galland et al., Plffs. in Err., *v.* Conrad Schroeder.

The testimony on a scire facias sur mechanics' lien was conflicting as to whether the work has been completed within six months of the filing of the lien. The court in its charge referring to this question said: "There is really no dispute upon that point, that is, there is no testimony to dispute it." *Held*, that this was error; that there was clearly a question of fact, which was solely for the consideration of the jury; and as such it should have been submitted to them, in such a way that they could not fail to regard it as a question upon which it was their duty to pass, and not as a fact about which there was no dispute.

(Argued February 24, 1888. Decided March 5, 1888.)

January Term, 1888, No. 279, E. D., before GORDON, Ch. J., PAXSON, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Lackawanna County to review a judgment in favor of the plaintiff on a scire facias sur mechanics' lien. Reversed.

This was a scire facias sur mechanics' lien, by Conrad Schroeder against Anna M. Galland, owner, and B. Galland, her husband, and Charles Olmstead, contractor.

At the trial before HAND, P. J., the following facts appeared:

In 1884 Mrs. Galland contracted with Charles Olmstead, to build her a house in the city of Scranton. Olmstead sublet the laying of the cellar walls and other stone work to Conrad Schroeder. The time when Schroeder finished his work under the contract was disputed. [The testimony on this subject is set forth in the opinion of the supreme court.] Olmstead had received the money to pay Schroeder, but had not paid him; and on January 13, 1886, plaintiff filed his lien for $1,485. Schroeder did some extra work for Mrs. Galland which amounted to $241.41. This bill was presented to Galland by Zitzelman, collector and bookkeeper of Schroeder. Galland claimed a deduction for certain items, one of which was for the defective construction of a chimney by Schroeder under his contract with Olmstead; Zitzelman went to Schroeder and was told to make such deductions as he saw fit. Zitzelman and Galland then compromised, and $29.13, a portion of what Galland claimed, was

deducted; Galland gave Zitzelman his check for $212.28, and received the following receipt:

Scranton, November 5, 1885.  Received of Anna M. Galland $212.28, in full for work and materials delivered for the house corner of Clay avenue and Linden street to date.

Conrad Schroeder, per C. M. Zitzelman.

Schroeder received the $212.28.

Galland was asked the following questions:

*Q.* "Now, sir; don't you know that Zitzelman told you at that time that he had no authority to settle any part of the Olmstead job, and that the only thing he could settle was the bill in question ?  Didn't he tell you so at that time ?"

Counsel for defendants object to this question, because Conrad Schroeder himself has adopted the act by receiving money, and cannot now deny the act of his agent, no matter what his language was.

By the Court: "It is evidence for the purpose of contradiction if nothing else."

By counsel for plaintiff: "That is all for which I will offer it."

By the Court: "We will allow the question." [3]

Schroeder was shown the receipt and asked the question:

*Q.* "Did you ever see that receipt ?"

*A.* "No, sir; I did not."

*Q.* "When that bill was presented, what authority, if any, had you given to Zitzelman relative to it ?"

Counsel for defendants object to the question.

By the Court:  "You may ask the question." [4]

The defendants presented, *inter alia,* the following point:

"4. If the jury believe from the evidence that Zitzelman gave the receipt of November 5, 1885, and that Schroeder obtained the money on the check given to Zitzelman at that time, the verdict must be for the defendants."

*Ans.* "We answer that in the negative.  We have answered it in our general charge, in which we laid down the principle that in this case it did not apply, under the facts of the case. Unless the receipt was given with the understanding on the part

of Schroeder that it was to include the Olmstead contract, Mr. Schroeder was not bound by it." [6]

The court charged, *inter alia,* as follows:

"If you find, under the evidence, that the claim was filed in time, and there is really no dispute upon that point, that is, there is no testimony to dispute it, the witnesses testified that the last work was done on the 15th of July, and other work was done in August; there is a bill filed here which shows dates different from that, but we apprehend you will have no difficulty in reconciling those two dates; they may all be true, and in that case, why the lien would be filed in time." [1]

"If you find the claim a valid one, it will be for the plaintiff for the amount of $1,485, with interest from the 13th of January, 1886, down to the present date." [2]

After the jury had been out all night, they came into court the next day (Sunday) and said they could not agree. Counsel for defendants were near the courthouse, but were not called, nor were they present. Thereupon the court gave the following instruction:

"Gentlemen, the only way we can assist you is to briefly recapitulate our general charge. The plaintiff made out a prima facie case, if you believe the plaintiff's testimony, as adduced by him on his side of the case. The defendants then set up that by plaintiff's statements the plaintiff was not entitled to recover. This puts the burden of proof upon the defendant for establishing a defense, and the weight of the testimony must govern you in passing upon it. We treated of this in our general charge, and cannot go into a statement of particular facts as proved. This is for the jury. We shall expect you to make every reasonable effort to come to a conclusion, and desire you to retire and consider the case further." [10]

The assignments of error specified, *inter alia:* (1, 2) The portions of the charge quoted above; (3, 4) the rulings on the evidence; (6) the answer to defendants' point; and (10) the instructions given on Sunday.

*S. B. Price, Charles L. Hawley,* and *L. Amerman,* for plaintiffs in error.—A lien for work done under a contract must be filed within six months of the completion of the work, to be in time. Parrish's Appeal, 83 Pa. 111.

Even if extra work is included in a mechanics' lien it must be filed within six months after the work under the contract is completed. Johnson, Mechanics' Liens, 193; Rush v. Able, 90 Pa. 153.

Whether the lien is filed within the time fixed by the statute is a question of fact for the jury. Johnson Mechanics' Liens, 235; McKelvey v. Jarvis, 87 Pa. 418.

The charge of the court misled the jury.

*E. B. Sturges* and *Willard & Warren* for defendant in error.

OPINION BY MR. JUSTICE STERRETT:

In charging the jury, as complained of in the first specification, the learned judge, among other things, said: "If you find under the evidence that the claim was filed in time, and there is really no dispute upon that point, that is, there is no testimony to dispute it," etc. Again, when the jury came into court and announced their inability to agree, he referred briefly to the same subject, and, in effect, instructed them that plaintiff's testimony made out a prima facie case, entitling him to their verdict, and cast upon defendant the burden of satisfying them that she had a good defense on other grounds.

It was, of course, incumbent on plaintiff below to prove affirmatively that the lien was filed within six months after completion of his contract with Olmstead. If he failed in that, he had no case against the owner of the building. Whether the lien was filed in time or not was a question of fact for the jury under all the evidence; and any instruction that, in effect, withdrew that question from their consideration was erroneous. Although perhaps not so intended by the learned president of the common pleas, we think the portions of his charge above referred to were calculated to convey the impression that, according to plaintiff's testimony, the lien was filed in time; that there was no conflicting testimony on the subject, and hence he was entitled to a verdict for the full amount of his claim, unless defendant had, on other grounds, succeeded in making out a good defense—in other words, that the entire burden of proof was on defendant below. In that respect, the charge was misleading and erroneous, notwithstanding the unqualified affirmance of defendant's first point.

In answer to the question, as to how long he continued to

work on the building, plaintiff below said: "From time to time on this building until the spring of 1885, sometime along in—well, near June, I guess; I don't remember now exactly; until May or June, I think." If his impression, thus testified to, was correct the lien filed January 13, 1886, was too late. The testimony of defendant's husband was to the same effect. In speaking of the time work under the contract was completed, he said: "Somewhere along in May or June, I think." On the other hand, the testimony of plaintiff's clerk, Zitzelman, tended to prove that the last work was done in August, 1885; but it is not entirely clear whether he meant work under the contract, or the extra work specified in the bill $212.58, paid by defendant on November 5, 1885. In addition to the uncertainty, as to what was meant by the last named witness, the dates, given in the itemized bill referred to, tend rather to corroborate the testimony of plaintiff below and Galland, as to the time the work under the contract was completed. Their impression was that it was completed some time in May or June. If so, the lien was not filed in time.

Without expressing any opinions as to the weight of the evidence on the subject, it is very clear that it presented a question of fact solely for the consideration of the jury; and as such, it should have been submitted to them in such a way that they could not fail to regard it as a question upon which it was their duty to pass, and not as a fact about which there was no dispute.

It is unnecessary to notice the remaining specifications of error, further than to say they are not sustained. The rulings of the court therein referred to are substantially correct; and if it were not for the error already pointed out, the judgment should not be disturbed.

Judgment reversed and a *venire facias de novo* awarded.